(January 27, 1911.)

H. L. STREETER, as Receiver of the VICTORY MINING COMPANY, a Corporation, Plaintiff, v. JOHN F. MacLANE, Defendant.

[112 Pac. 1042.]

CONSTITUTION—DISTRICT JUDGES—POWER OF LEGISLATURE TO INCREASE.

(Syllabus by the court.)

1. The power of the legislature to provide for more than one district judge in a judicial district is not limited by the constitution of this state, sec. 11, art. 5.

2. Under the provisions of said sec. 11, art. 5 of the constitution, it is within the power of the legislature to provide for the appointment or the election of more than one district judge for a judicial district when the business of such district requires.

Original application to this court for writ of prohibition affecting the constitutionality of House Bill No. 47, an act authorizing the appointment of an additional judge in the third judicial district of this state. Writ quashed.

Richards & Haga, for Plaintiff.

The article "a" is used in the second line of sec. 11 of art. 5 of the constitution. It might mean "one," as a limita-

tion on the number of judges in the sense of "only one judge shall be chosen," but we find that the supreme court of Arkansas, in the case of *State ex rel. Kinsworthy v. Martin,* 60 Ark. 343, 30 S. W. 421, 28 L. R. A. 153, has construed this word as used in a similar manner, and this construction holds that it is used in the sense of one, but not exclusive of more. (*State ex rel. Coffin v. County Commrs.,* 19 Nev. 332, 10 Pac. 901; *State v. Stevenson,* 18 Neb. 417, 25 N. W. 585; *In re Groff,* 21 Neb. 647, 59 Am. Rep. 859, 33 N. W. 426.)

D. C. McDougall, R. H. Johnson, A. A. Fraser and Cavanah & Blake, for Defendant.

A case which we consider to be directly in point is that of the *State of Nevada v. Kinkead,* 14 Nev. 117. (See, also, *State v. County Commrs.,* 19 Nev. 332, 10 Pac. 901; *State v. McBride,* 29 Wash. 335, 70 Pac. 25; *State v. Brown,* 38 Ohio St. 344; *State v. Stevenson,* 18 Neb. 416, 25 N. W. 585; *In re Groff,* 21 Neb. 647, 59 Am. Rep. 859, 33 N. W. 426.)

STEWART, C. J.—An act of the legislature known as House Bill No. 47 was passed by the legislature, and approved by the governor, January 19, 1911, authorizing the governor to appoint an additional judge in the third judicial district of this state. Under the provisions of this act the governor appointed John F. MacLane as such judge, who has qualified and entered upon the duties of said office. This proceeding is brought for the purpose of testing the constitutionality of the act authorizing the appointment of such additional judge.

The determination of this question depends upon the construction to be given to sec. 11, art. 5 of the constitution. This section reads as follows:

"The state shall be divided into five judicial districts, for each of which a judge shall be chosen by the qualified electors thereof, whose term of office shall be four years. And there shall be held a district court in each county, at least twice in each year to continue for such time in each

county as may be prescribed by law; but the legislature may reduce or increase the number of districts, district judges, and district attorneys.''

Under this provision of the constitution the question arises whether the legislature has the power to provide for more than one judge in each judicial district. It will be conceded at the inception of this investigation that the constitution of this state is a limitation upon the powers of the legislature with reference to all matters embraced within its provisions, and that the legislature cannot go beyond the limitations fixed by the constitution. If, however, there is no limitation upon the power of the legislature with reference to the increasing or reducing of judicial districts and the number of judges, then it is entirely within the legislative power to act as in its judgment the exigency requires, and the act under consideration should be upheld.

When the constitution was framed the makers provided for five judicial districts, for each of which a judge should be chosen by the qualified electors thereof, which no doubt was intended to meet the requirements and conditions existing at that time with reference to the district courts. In anticipation of the growth of the state and the probable increase in the business to come before the courts, the framers of the constitution placed in this same section a specific provision, which in terms amounts to an express grant of power to the legislature, to ''increase or reduce the number of districts and district judges.''

The constitution of the state was framed for years to come, and the framers purposely omitted to place any limitation upon the legislature in creating judicial districts, or in providing for the number of judges to preside in the several districts, and the legislature was made the sole judge of the necessities for the administration of justice, which might be changed, decreased or increased by the increase of the population and the increase of litigation. If this provision in the constitution should be held a limitation upon the power of the legislature, any judicial district might be without judicial officers sufficient to administer its affairs, and the due ad-

ministration of justice would be greatly delayed. But we are satisfied that at the time this section of the constitution was written the framers had in mind the possibilities of the future, and after making such provisions for judicial districts and judges as appeared to be necessary, in anticipation of the future growth of the state, placed entirely in the hands of the legislature the power to increase and diminish judicial districts and provide judges therefor, to meet all the requirements and necessities that would arise because of such growth and increase; and that the framers of the constitution placed no restriction upon the legislature, and expressly authorized the legislature to reduce or increase the number of districts and district judges; that it was not intended that the words, "The state shall be divided into five judicial districts, for each of which a judge shall be chosen," should be a limitation upon the power of the legislature as to increasing the number of judges in each judicial district as the necessities required in the future; but rather a limitation as to the number of judges at the time of the adoption of the constitution.

Questions of a similar character have arisen in different states under constitutional provisions similar to those under consideration in this case. In the case of *State ex rel. Kinsworthy v. Martin,* 60 Ark. 343, 30 S. W. 421, 28 L. R. A. 153, the supreme court of the state of Arkansas delivered a very exhaustive discussion of many of the questions involved in this case, and held: "The power of the legislature to provide for more than one judge in a judicial district is not limited by the provisions of the constitution, art. 7, sec. 13, for each circuit a judge shall be elected." This court, however, is not confined to the construction placed upon the constitution of the state of Arkansas in the above-cited case, for the reason that the constitution of this state expressly authorizes the "legislature to reduce or increase the number of districts and district judges," which language is not found in the constitution of Arkansas. In the case of *State of Nevada v. Kinkead,* 14 Nev. 117, the supreme court of Nevada

had under consideration a constitutional provision very similar to that of this state, and in that case the court says:

"In the first place, there can be no doubt as to the fact that it was the intention of the framers of the constitution to empower the legislature to reduce the number of judges in the first district. This is sufficiently proved by the debates in the constitutional convention. (650, 651, 713, *passim.*) If further proof were necessary, it is afforded by the circumstances in view of which the convention acted. The condition of the country at that time was such as to forbid any other than a provisional arrangement as to the number of judges to be assigned to the respective districts. . . . . In view of these facts there is no reason for taking the following language in any other than a literal sense. 'The legislature may, however, provide by law for an alteration in the boundaries or divisions of the districts herein prescribed and also for increasing or diminishing the judicial districts and judges therein.' This means the legislature may increase or diminish the number of judges in the respective districts, and not, as petitioner contends, that the number of judges in the state may be incidentally increased or diminished by increasing or diminishing the number of districts."

In the case of *State v. Stephenson,* 18 Neb. 417, 25 N. W. 585, the supreme court of Nebraska construed a similar constitutional provision and held:

"But the language of the section empowers the legislature to directly 'increase the number of judges of the district court,' and surely when a power is granted to do a thing directly, we need not justify the doing of it under another indirect and constructive grant of power. There being then one judge provided for each of the six district courts, the legislature may, in or after 1880, increase this number. May they increase it in one district, or in any or all of them? Obviously, not only from the language used but from the very nature of the subject matter, in any or all the districts."

So we think it clearly appears that the framers of the constitution in the first instance provided a provisional sys-

tem of district courts and a judge to preside in each district, and expressly granted to the legislature the power to change and alter the boundaries of such districts and the number of district judges, not only in accordance with the number of districts, but also the number of district judges in each district, so that the business of each district would be properly administered.

For these reasons we think the statute now under consideration was clearly within the power of the legislature to enact, and authorizes the appointment of an additional district judge in and for the third judicial district.

Ailshie, and Sullivan, JJ., concur.